UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 17-0019 (PLF) |
| SHEILA SCUTCHINGS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Sheila Scutchings' Renewed Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). Renewed Emergency Motion to Reduce Sentence ("Def.'s Renewed Mot.") [Dkt. No. 67].

On June 19, 2020, this Court held that Ms. Scutchings had not demonstrated extraordinary and compelling reasons to warrant her release, and that her release would be inconsistent with the sentencing factors set forth in Section 3553(a) because she had served only ten months of a fifty-four-month sentence. Memorandum Opinion and Order [Dkt. No. 66] at 6. Ms. Scutchings contends in her renewed motion that the increased number of COVID-19 cases at FMC Carswell constitute extraordinary and compelling circumstances and make her more susceptible to contracting the virus inside the medical center than if she were to be released. Def.'s Renewed Mot. ¶ 6. The government concedes that the number of cases at FMC Carswell has increased but argues that her release is not warranted because it would still be inconsistent with the Section 3553(a) factors as found by the Court. Government's Response in Opposition to Defendant's Renewed Emergency Motion to Reduce Sentence Dkt. No. 68] at 1-2.

The Court's reasoning for denying Ms. Scutchings' original motion based on the Section 3553(a) factors still stands – the fifty-four-month sentence was imposed to reflect the seriousness of her crime and the number of vulnerable victims she has harmed. Furthermore, she has now served only eleven months of the sentence the Court imposed, which is not sufficient for an offense spanning over seven years and costing millions of taxpayer dollars. See United States v. Pawlowski, No. 20-2033, slip op. at 7 (3d Cir. July 24, 2020) (no clear error in the district court's denial of compassionate release because the defendant had served less than two years of a fifteen-year sentence for a conviction of multiple counts of bribery, fraud, conspiracy, and making false statements to the FBI).

Nevertheless, the increased prevalence of the virus in the medical facility is of concern to the Court. At the time of the filing of her initial motion for compassionate release, FMC Carswell reported only two positive cases of the virus. Government's Surreply in Opposition to Defendant's Emergency Motion to Reduce Sentence [Dkt. No. 61] at 12. As of July 23, 2020, the Bureau of Prisons reported 514 cases of the virus at FMC Carswell. COVID-19 Cases, FEDERAL BUREAU OF PRISONS, www.bop.gov/coronavirus/; see also Reply to Government's Response in Opposition to Defendant's Renewed Emergency Motion to Reduce Sentence [Dkt. No. 69] ¶ 2-3 (noting a 294% increase in the number of cases at FMC Carswell between July 9, 2020 and July 20, 2020, and an additional 250% increase between July 20, 2020 and July 21, 2020). In light of this dramatic increase, the Court will hold the pending motion in abeyance while it seeks additional information. Accordingly, it is hereby

ORDERED that on or before August 21, 2020, the Government submit a surreply with data providing updates on the daily infection rate at FMC Carswell over the next three weeks, and it is

FURTHER ORDERED that the surreply be accompanied by a declaration from an official with personal knowledge of the circumstances at FMC Carswell documenting the infection-rate data therein and attesting to the procedures being implemented to mitigate the risk of infection to the prison population at FMC Carswell.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 27, 2020